IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 23-cr-125 |
| v. | : | |
| | : | |
| MAURICE HENRY | : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                                 **JUNE 4, 2024**

Defendant Maurice Henry brings this *pro se* Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that the recently enacted Amendment 821 to the U.S. Federal Sentencing Guidelines entitles him to a re-calculated Guidelines range and a reduced sentence. ECF No. 29. For the reasons set forth below, Mr. Henry is ineligible for a re-calculation of his Guidelines range, and the Court will deny his motion.

I.      **BACKGROUND**

On September 9, 2022, Philadelphia Police officers responded to a robbery in progress at the Hook and Reel restaurant in Northeast Philadelphia. PSR ¶ 13. There, they encountered the victim, who reported that four males armed with handguns forced their way into the premises, ransacked the office, stole cash and liquor, and fled the premises. *Id.* ¶¶ 14-15. On February 3, 2023, ATF agents arrested Mr. Henry in connection with the robbery and recovered a stolen semi-automatic pistol. *Id.* ¶ 16. Mr. Henry admitted in an interview with the arresting agents that he also possessed a firearm during the robbery in question. *Id.* ¶ 17.

On March 27, 2023, the U.S. Attorney's Office in the Eastern District of Pennsylvania charged Mr. Henry with one count of robbery which interferes with interstate commerce in

1

violation of 18 U.S.C. § 1951(a) (also known as the Hobbs Act) and one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). *Id.* ¶ 1.

The Guidelines range for Mr. Henry was calculated by Probation to be 22 points in total. His base offense level (for a violation of 18 U.S.C. § 1951(a)) was 20 points. *Id.* ¶ 25; *see also* Guidelines § 2B3.1(a). He was assigned another five points because he possessed a firearm during the offense. PSR ¶ 26; *see also* Guidelines § 2B3.1(b)(2)(C). However, pursuant to his plea agreement, Mr. Henry received a two-point reduction for acceptance of responsibility and a one-point reduction for his timely notification to authorities of his intent to plead guilty. PSR ¶¶ 9, 32, 33; *see also* Guidelines § 3E1.1(a-b). Mr. Henry has no other prior convictions, establishing a criminal history score of zero and resulting in a criminal history category of I. PSR ¶ 36, 38. Based on his criminal history category and his total offense level of 22 points, his Guidelines imprisonment range was 41 to 51 months. PSR ¶ 83.

Mr. Henry pled guilty to both counts on April 24, 2023. ECF No. 15. Mr. Henry was sentenced on September 11, 2023 to a term of 38 months' imprisonment, three years' supervised release, $400 of restitution, and a special assessment of $200. ECF No. 28.

## II.     LEGAL STANDARD

Amendment 821 of the U.S. Federal Sentencing Guidelines, effective November 1, 2023, includes two major subparts. Part A eliminates "status points" – which are accrued based on criminal history – for defendants with fewer than seven criminal history points, and it reduces status points for defendants who have accumulated seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). Part B provides for a two-point reduction for defendants who have no prior criminal history and whose instant offense also meets a set of ten further criteria. *See* U.S.S.G. § 4C1.1. The two criteria most relevant to this motion are the requirements that the defendant "did

not use violence or credible threats of violence in connection with the offense" and "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm [] in connection with the offense." U.S.S.G. § 4C1.1(a)(3), (7). Starting February 1, 2024, Amendment 821 may be applied retroactively. *See id.* § 1B1.10(a)(1), (d).

Upon an amendment of the Guidelines that would result in a lower sentence for a particular defendant, a defendant can move to reduce the term of imprisonment. 18 U.S.C. § 3582(c)(2). The relevant policy statement dictates that upon amendment of the Guidelines, the Court should calculate the amended range that would have been applicable to the defendant had the amendment been in place at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). Then, the Court can grant a reduction after considering the § 3553(a) factors. 18 U.S.C. § 3582(c). However, the Court may not reduce the term of imprisonment to any amount less than the minimum of the Guidelines range after the recalculation of points. U.S.S.G. § 1B1.10(b)(2)(A). Mr. Henry brings this motion *pro se*, and "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011).

### III.   DISCUSSION

#### a. Mr. Henry's Motion for a Reduction of Sentence

Mr. Henry's *pro se* motion briefly discusses the enactment of Amendment 821 and suggests that he may be eligible for a reduction under the revised version of § 4C1.1 (as provided in Part B). ECF No. 29 at 2. It also inquires as to whether he is eligible for a Guidelines reduction of up to seven points (as provided in Part A). *Id.* Finally, Mr. Henry asserts that even if he does not meet each of the criteria of the revisions in the Guidelines, he may still be eligible for a reconsideration of his sentence based on the Court's "broad discretion" to grant a motion for sentence reduction. *Id.*

### b. Government's Response

The Government argues primarily that Mr. Henry does not meet two of the conditions in the revised § 4C1.1. He fails sub-section (a)(3) because he possessed a firearm during the course of the robbery, and he fails sub-section (a)(7) because his Hobbs Act robbery conviction necessarily involved a credible threat of violence. ECF No. 31 at 5-6.

The Government asserts that under *Dillon v. United States*, 560 U.S. 817 (2010), the consideration of a reduction in sentence is a two-step process, and the Court is not even permitted to consider the § 3553(a) factors unless the defendant first satisfies the criteria for relief in the revised sentencing provision. ECF No. 31 at 5. Therefore, the Court may not revise Mr. Henry's Guidelines calculation or reduce Mr. Henry's sentence under 18 U.S.C. § 3582(c)(2). *Id.*

### c. Analysis

The Government is correct that Mr. Henry does not meet either of the contested § 4C1.1 criteria. Mr. Henry himself admitted that he possessed a firearm during the robbery. PSR ¶ 17. Moreover, the elements of Hobbs Act robbery necessitate that Mr. Henry used or threatened violence during the offense. *See United States v. Taylor*, 596 U.S. 845, 850 (2022) ("To win a conviction for a completed [Hobbs Act] robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force.'") (quoting 18 U.S.C. § 1951(b)). Therefore, Mr. Henry satisfies neither § 4C1.1(a)(3) nor § 4C1.1(a)(7).

Mr. Henry is also ineligible for a reduction under Part A of Amendment 821 because, as a first-time felon, Mr. Henry's Guidelines calculation did not include any status points. Therefore, the revision to the status points scheme does not affect his sentence. *See* U.S.S.G. § 4A1.1.

Finally, despite Mr. Henry's suggestion to the contrary, the Court may not exercise discretion to reduce the Defendant's sentence or otherwise provide relief under 18 U.S.C. § 3582(c)(2), unless the Defendant satisfies all ten criteria listed in § 4C1.1(a). *See, e.g.*, *United States v. Banks*, No. 18-cr-579-1, 2024 WL 919835, at *2 (E.D. Pa. Mar. 4, 2024) ("To [qualify for a reduction under Part B], defendants must satisfy all criteria listed in Section 4C1.1(a)."). Mr. Henry's support only demonstrates that courts may exercise "broad discretion" *once* the relevant Guidelines section is fully satisfied, not in the absence of meeting all criteria. *See Mayes v. United States*, Nos. 12-cr-385-2, 17-cv-6789, 2023 WL 22632, at *2 (E.D.N.Y. Jan. 3, 2023).

## IV.   CONCLUSION

For the reasons stated above, Mr. Henry's motion for a reduced sentence is denied. An appropriate Order will follow.

BY THE COURT:

*/s/ Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**